# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MANIYA ALLEN, et al.,**
**Plaintiff,**
v.
**AMERICAN CYANAMID et al.,**
**Defendants.**

Case No. 11-CV-0055

**DIJONAE TRAMMEL,**
**Plaintiff,**
v.
**AMERICAN CYANAMID et al.,**
**Defendants;**

Case No. 14-CV-1423

## DECISION AND ORDER

The plaintiffs in these cases allege they were injured when they ingested paint containing white lead carbonate. Recently, I decided a number of pre-trial motions in these cases. In support of those motions, the parties submitted documents including plaintiffs' medical information. The parties move to restrict these materials from public review. The motions to restrict filings are unopposed, but because I have an obligation to the public to ensure that court filings remain open to public review unless good cause for restricting them is shown, I must still decide whether the materials may be restricted. *See, e.g., Baxter Int'l Inc., v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002).

A person's general interest in keeping medical information private does not necessarily override the public's interest in having access to that information. "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Sprecht*, 622 F.3d 697, 901 (7th Cir. 2010).

Restricting medical records is appropriate where "a plaintiff's interest in privacy outweighs the probative value of the information contained in the records." *Matthews v. Waukesha Cty.*, No. 10-cv-440, 2012 WL 695669 at *12 (E.D. Wis. March 1, 2012) (citing *Doe v. Oberweiss Dairy*, 456 F.3d 704, 718 (7th Cir. 2006)). "In short, while many litigants would prefer that their private medical information be kept from the public, that preference, without more, is insufficient to overcome to the long-standing tradition that litigation be open to the public." *Walker v. McArdle*, No. 18-cv-312, 2019 WL 1980357, at *1 (E.D. Wis. May 2, 2019). Here, the plaintiffs placed their medical histories at issue when they filed these suits, and the parties cite no case suggesting that a person who chooses to use the public courts to litigate a claim relating to his or her health is entitled to shield his or her health information from public review. *See Henley v. C.R. Bard, Inc.*, No. 14-cv-59, 2019 WL 6529433, at *6 (E.D. Wis. Dec. 4, 2019). Accordingly, no document may remain restricted simply because it relates to the plaintiffs' medical histories. *Id.* I will therefore deny the motions to restrict, except those related to the defendants' motion in limine to exclude evidence regarding 3030 North 21st Street and those related to plaintiffs' summary judgement on the issue of superseding intervening cause which will be addressed below.

The documents the parties sought to restrict contain information, such as the full birthdates of the plaintiffs, which must be redacted pursuant to Rule 5.2(a) of the Federal Rules of Civil Procedure. The parties are ordered to file redacted copies of the following documents:

- In 11-cv-0055, ECF nos. 516-1, 516-2, 516-3, 516-4, 854-3, 854-4, 854-5, 854-6, 889-7, 897-7, 897-8, 897-9, 897-10, 911-5, 911-6, 911-7, 911-8,

- 911-9, 911-10, 911-11, 911-12, 911-14, 911-26, 946-1, 946-2, 946-3, 946-4, 961-4, and 961-5.
- In 14-cv-1423, ECF no. 612-3, 612-4, 612-5, 612-6, 643-7, 656-7, 656-8, 656-9, 656-10, 665-5, 665-6, 665-7, 665-8, 665-9, 665-10, 665-11, 665-12, 665-14, 665-26, 695-1, 695-2, 695-3, 695-4, 709-4, and 709-5.

The clerk of courts is directed to replace the original documents with the redacted versions when they are filed.

Finally, some of the documents which the parties have moved to restrict did not inform my decision with respect to the related motions. As such, these documents may remain restricted. *See Baxter*, 297 F.3d at 545 (only documents that "underpin the judicial decision" are open to public inspection); *see also City of Greenville, Ill. V. Sungenta Crop Protection, LLC,* 764 F.3d 695, 698 (7th Cir. 2014) (the public has no right to access documents that "cannot conceivably aid the understanding of judicial decision making"). I will grant the motions to restrict that are related to the defendant's motion in limine to exclude evidence regarding 3030 North 21st Street and those related to plaintiffs' summary judgement on the issue of superseding intervening cause. The following documents may therefore remain restricted:

- In 11-cv-0055, ECF nos. 523-3 and 970-16.
- In 14-cv-1423, ECF no. 716-16.

**THEREFORE, IT IS ORDERED** that Sherwin-Williams' motion to restrict documents (11-cv-0055, ECF no. 611) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that plaintiffs motion to restrict documents (11-cv-0055, ECF no. 969; 14-cv-1423, ECF no. 715) are **GRANTED.**

**IT IS FURTHER ORDERED** that the parties' motions to restrict documents (11-cv-0055, ECF no. 853; 11-cv-0055, ECF no. 887; 11-cv-0055, ECF no. 899; 11-cv-0055, ECF no. 912; 11-cv-0055, ECF no. 945, 11-cv-0055, ECF no. 959; 14-cv-1423, ECF no. 611; 14-cv-1423, ECF no. 640; 14-cv-1423, ECF no. 647; 14-cv-1423, ECF no. 666; 14-cv-1423, ECF no. 694; 14-cv-1423, ECF no. 708) are **DENIED.**

**IT IS FURTHER ORDERED** that parties will file redacted copies of the above-listed documents.

Dated at Milwaukee, Wisconsin this 22nd day of March, 2021.

                                         s/Lynn Adelman
                                         LYNN ADELMAN
                                         U.S. District Judge